IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS, | No. C 12-6536 WHA (PR) |
| Petitioner, | **ORDER GRANTING IN PART MOTION TO DISMISS; TO SHOW CAUSE** |
| v. | |
| LEWIS, Warden, | |
| Respondent. | (Docket No. 16) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the calculation of his time credits and the validity of his 2004 sentence. The three claims challenging the validity of his sentence were dismissed because they did not state cognizable grounds for federal habeas relief. Respondent was ordered to show cause why the petition should not be granted based on petitioner's other two claims, which challenged the re-calculation of his time credits under a new California law. Respondent has filed a motion to dismiss the petition, and petitioner has filed a traverse.

## STATEMENT

In 2004, petitioner plead guilty in Del Norte County Superior Court to two counts of attempted battery by a prisoner upon a non-prisoner and one count of resisting an officer. He

1 was sentenced to a term of two years and eight months in state prison. The California Court of
2 Appeal and the California Supreme Court denied his appeals. His habeas petitions in the state
3 courts also did not succeed.

4 In 2006, petitioner challenged the conviction in a federal habeas petition. *See Harris v.*
5 *Horal*, No. 06-6231 MJJ (PR). That petition was dismissed as untimely in 2008, and the United
6 States Court of Appeals later denied a certificate of appealability.

**ANALYSIS**

8 Respondent argues that the petition should be dismissed because it is the second federal
9 habeas petition for a writ of habeas corpus challenging the same conviction. A second or
10 successive petition may not be filed in a federal district court unless petitioner first obtains from
11 the United States Court of Appeals for the Ninth Circuit an order authorizing this court to
12 consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). There is no dispute that petitioner has not
13 sought or obtained an order from the Ninth Circuit authorizing him to file a second or
14 successive habeas petition in federal court. Petitioner argues that he need not obtain such an
15 authorization, however, because his first petition was untimely and the instant petition raises
16 new claims. Contrary to petitioner's argument, Section 2244(b)(3)(A) applies where, as here,
17 the first petition was dismissed as untimely, *see McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir.
18 2009), and also where the second petition raises a claim not raised in the first petition, *Cooper*
19 *v. Brown*, 510 F.3d 870 (9th Cir. 2007). The petition is not successive for a different reason,
20 however. A prisoner's habeas corpus application is not successive where it challenges the
21 calculation of his release date if the prisoner did not have an opportunity to challenge the state's
22 conduct in a prior petition. *See Hill v. Alaska*, 297 F.3d 895, 898 (9th Cir. 2002). The
23 remaining claims in the instant petition challenge the state's re-calculation of petitioner's time
24 credits and consequent postponement of his release date under a new California law, SBX 3-18
25 (Cal. Pen. Code 2933.6). Respondent has not shown that petitioner had the opportunity to
26 challenge the state's conduct in a prior federal petition; indeed, Section 2933.6, was not
27 effective until 2010, after the prior petition was dismissed. Accordingly, the petition is not
28 successive within the meaning of Section 2244. *Accord In re Cain*, 137 F.3d 234, 236 (5th Cir.

1998) (holding petition challenging revocation of "good-time" credits was not successive under Section 2244 because it did not challenge validity of conviction or sentence because its claims could not have been raised in earlier petition).

In the alternative, respondent argues that claim two is procedurally barred. In claim two, petitioner argues that the recalculation of his time credits under Section 2933.6 renders his guilty plea involuntary and unintelligent in violation of due process. This claim was rejected by the California Supreme Court with citations to *In re Robbins*, 18 Cal.4th 770, 780 (1998) and *In re Clark*, 5 Cal.4th 750, 767-69 (1995). Such citations signal that the petition was denied as untimely and is procedurally defaulted from federal habeas review. *See Walker v. Martin*, 131 S. Ct. 1120, 1131 (2011); *Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003). Petitioner does not dispute this argument, nor does he argue or present grounds for excusing the procedural default. Accordingly, the second claim in his petition will be dismissed on procedural default grounds.

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss (dkt. 16) is **GRANTED IN PART AND DENIED IN PART**. The second claim is **DISMISSED**.

Respondent shall file with the court and serve on petitioner, within **ninety-one** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's first claim for relief. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight** days of the date the answer is filed.

**IT IS SO ORDERED.**

Dated: November   19  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3