IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>    Petitioner,<br><br>  v.<br><br>LEWIS, Warden,<br><br>    Respondent. | No. C 12-6536 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

    Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the calculation of his time credits and the validity of his sentence. The three claims challenging his sentence were dismissed because they did not state cognizable grounds for federal habeas relief. Respondent was ordered to show cause why the petition should not be granted based on petitioner's remaining two claims. These claims assert that the re-calculation of petitioner's time credits under a new California law, California Penal Code Section 2933.6, violates his plea agreement and the Ex Post Facto Clause of the United States Constitution. After respondent filed a motion to dismiss, the plea agreement claim was dismissed because it was procedurally defaulted from federal habeas review. Consequently, the sole remaining claim is that prison officials violated his ex post facto rights by re-calculating his good time credits under Section 2933.6.

Section 2933.6(a) of the California Penal Code was amended in 2010 to deny "good time" credits to inmates, such as petitioner, who have been found by prison officials to be members or "associates" of a prison gang. Prior to this amendment, petitioner had been validated as gang member and was earning "good time" credits. Petitioner claims that when Section 2933.6(a) was amended, he became ineligible to earn good time credits, and this violates the Ex Post Facto Clause. The California courts rejected petitioner's ex post facto claim based on *In re Sampson*, 197 Cal. App. 4th 1234, 1241-42 (2011), which held that section 2933.6 did not violate the Ex Post Facto Clause because section 2933.6 does not punish "the criminal conduct for which petitioner was imprisoned," but instead "punishes for conduct that occurred after the commission of, or the conviction for, the punishable offense." The Ninth Circuit recently rejected petitioner's ex post facto argument. *Nevarez v. Barnes*, No. 12-17060, slip op. at 7-9 (9th Cir. Apr. 25, 2014). In *Nevarez*, the petitioner raised an ex post facto challenge to the application of amended California Penal Code section 2933.6 to deny good conduct time credits to validated gang affiliates in the prison's SHU. *Id.* at 7. The court held that the California courts' rejection of the petitioner's ex post facto claim based on *Sampson's* analysis that it was the petitioner's intervening conduct – continued gang affiliation – that triggered his ineligibility to earn good time credits was not an unreasonable application of clearly established Supreme Court precedent under 28 U.S.C. § 2254(d). *Id.* at 7-9. Under *Nevarez*, petitioner's ex post facto claim fails.

Accordingly, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. *See* 28 U.S.C. 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: June   4  , 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE